HULBERT v. HOPKINS, Adm'r.

Statute of limitations: SOLDIER.   Section 4, chapter 11, laws of extra
session, ninth general assembly, providing that the statute of limit-
ations shall cease to run in favor of any soldier and his surety

during the time their property is exempt from attachment or execution, by virtue of the provisions of said act, does not apply to *plaintiffs* in the military service, but only to *defendants* engaged in such service. .

_ *Appeal from Jackson Circuit Court.*

WEDNESDAY, DECEMBER 20.

THIS was an action upon a judgment rendered against defendant's intestate before a justice of the peace on the 15th day of April, 1858, more than ten years prior to the commencement of this action. The plaintiff, to avoid the bar of the statute of limitations, stated in his petition, " that on or about the first day of August, 1862, he entered the military service of the United States as a volunteer, and continued in such service and without the jurisdiction of the State of Iowa, for a period of about three years," etc. Defendant demurred to the petition, because it showed that the action was barred by the statute of limitations, and that the facts alleged did not remove the bar. The demurrer being sustained, plaintiff excepted and stood thereon. Judgment for defendant for costs, and plaintiff appeals.

*Charles M. Dunbar* for the appellant.

*S. D. Lyman* for the appellee

MILLER, J. — Appellant's counsel makes but one question, viz.: Does the fourth section of chapter 11, laws of the extra session of the ninth general assembly, apply to plaintiffs as well as to defendants? That section reads as follows: " The statute of limitations, or the provisions of law limiting the time within which actions may be commenced, shall cease to run in favor of any such soldier, and his sureties, during the time their property is exempt from attachment, levy, sale or lien by virtue of the provisions of this act and the act to which this is amendatory."

The act to which this act was amendatory is chapter 113, of laws of the regular session of the ninth general assembly, entitled "An act to exempt the property of Iowa volunteers, in the military service of the United States, from levy and sale." By that act the property of every volunteer soldier from Iowa, in the actual service of the United States, and not above the rank of captain, was exempt during the term of his service, and for two months thereafter, from levy or sale under any execution or order of sale upon any judgment thereafter rendered, or by virtue of any deed of trust or mortgage whatever.

By the amendatory act of the extra session it is provided that "the property of *any soldier* now or hereafter levied upon, or held by writ of attachment, or by any other process issuing from the courts of this State, shall be released from any such levy or attachment for the time named in the act" to which that was amendatory. The third section of the act extended its provisions to the sureties of the soldier in all cases where they were applicable to the soldier himself. The fourth section is the one above set out, which provides that the statute of limitations shall not run in favor of the soldier during the time his property is, by these two acts, exempt from levy and sale. It is manifest that this fourth section cannot be made to apply to a plaintiff, though a soldier, having a cause of action against another. The statute of limitations does not run in any case *in favor* of a plaintiff, but always *against* him. The section quoted says, it shall not run *in favor* of the soldier during the time his property is exempt from levy and sale, which could in no case include a plaintiff. He is the party suing out legal process against a defendant. The statute of limitations is made, not to run in favor of the party whose property, but for the act, would be liable to levy and sale. While it does not run *in favor* of him, it does not run *against* the other party—the plaintiff, who, but for the act, could pursue his remedy against the soldier.

But, where the *defendant* is not in the military service, the statute of limitations continues to run in favor of him, though the plaintiff be himself a soldier.

The plaintiff could have brought his action notwithstanding he was in the military service, if he had chosen to do so. The demurrer was properly sustained.

Affirmed.